# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00161-MR
# [CRIMINAL CASE NO. 1:12-cr-00083-MR-DLH-1]

| | |
|---|---|
| JAMES WARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court following receipt of Petitioner's response [Doc. 5] to the Court's prior Order [Doc. 4] requiring Petitioner to explain why his 28 U.S.C. § 2255 motion to vacate is not time-barred and, if it is time-barred, why equitable tolling should apply. For the following reasons, the Court dismisses the Petitioner's § 2255 motion as time-barred.

## I. DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner pled guilty on October 10, 2012, to knowingly stealing a firearm that had moved in interstate commerce, in violation of 18 U.S.C. § 924(l), and to knowingly possessing a stolen firearm that had moved in interstate commerce, in violation of 18 U.S.C. § 922(j). [Criminal Case No. 1:12cr83-MR-DLH-1 ("CR"), Doc. 9: Acceptance and Entry of Guilty Plea]. Judgment was entered on January 14, 2014, and Petitioner did not appeal. [CR Doc. 21: Judgment]. Petitioner's conviction, therefore, became final fourteen days later. See Fed. R. App. P. 4(b)(1)(A). Petitioner did not file

2

his Section 2255 motion to vacate, however, until more than eighteen months after his conviction became final. Thus, on the face of the petition, it appears that Petitioner's Motion to Vacate is untimely. In Section 18 of the petition regarding timeliness, Petitioner states that his motion to vacate "was made at the earliest possible time." [Doc. 1 at 14].

On August 5, 2015, this Court entered an Order giving Petitioner twenty-one days in which to submit a memorandum explaining why his petition is timely or, if not, the reasons for why the Court should apply equitable tolling. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). Petitioner has filed a response to the Court's Order, in which he contends that equitable tolling is warranted because Petitioner did not learn, until April 15, 2015, that counsel failed to file an appeal on his behalf although he had instructed her to do so. To be entitled to equitable tolling, Petitioner must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. United States v. Oriakhi, 394 F. App'x 976, 977 (4th Cir. 2010). Although counsel's failure to file an appeal after Petitioner instructed him to do so may constitute ineffective assistance of counsel per se if raised in a *timely* filed petition, it is not grounds for applying equitable tolling to a petition that is not timely. See Bruton v. United States, No. 1:12-cv-00123-MR, 2013 WL 2632604, at *3

(W.D.N.C. June 12, 2013) appeal dismissed, 589 Fed. App'x 184 (4th Cir. 2015). Petitioner has not shown that he was diligent in filing his § 2255 motion. Thus, the petition will be dismissed as time-barred.

## II. CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2255 petition as time-barred.

The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that her Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED WITH PREJUDICE** as time-barred.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge